## THOMAS CRAYCROFT *v.* WILLIAM JOHNSON, Assignee.

Assignment for Benefit of Creditors and Purchase Money on Property Conveyed in Trust — Prior Liens — Pleadings — Cross-petition — Blending Proceeds of Land and Personal Property.

> The trustee brought this suit in equity to have the trust settled, making all the creditors defendants, and appellant and wife filed their answer and cross-petition, insisting that they have a prior lien on the land conveyed in trust for their debts, by reason of a purchase-money claim.
>
> The appellant's answer and cross-petition did not allege that the same real estate conveyed by his deed was embraced in the deed of trust. *Held,* that without such allegations appellant's claim to a prior lien cannot be sustained.
>
> Where land and personal property are sold on the same terms and upon the same credit and notes taken for the aggregate amount show that the consideration for the land was blended with and formed part of the consideration of each note, all payments on the notes should operate as a payment on the land in the proportion it bore to the whole indebtedness.

APPEAL FROM NELSON CIRCUIT COURT.

January 28, 1867.

OPINION OF THE COURT BY JUDGE PETERS:

On the 1st day of April, 1857, Elizabeth Wathen, who has since intermarried with appellant, sold and conveyed her entire interest in the lands, slaves, and personalty as one of the devisees of her father, Henry Wathen, deceased, and also her entire interest in the lands, slaves, and personalty as sister, and an heir-at-law of Nancy Wathen, deceased, to Thomas Wathen, in consideration of $5,000, payable in one, two, and three years in equal installments of $1,666.66, with interest from date. The installment which first matured was fully paid, and on the 15th of January, 1862, $462.55 was paid on each of the other installments.

On the 20th of March, 1863, said Thomas Wathen conveyed all his property, except such as was exempt from execution, to appellee in trust for the payment of his debts.

Johnson, the trustee, brought this suit in equity to have the real estate sold and the trust finally settled, making said Wathen and his creditors defendants. Craycroft and wife filed their answer and cross-petition, in which they set out the amount of their debts, insist that they have a prior lien on the land conveyed in trust to Johnson for the whole of their debts which they had reduced to judgments, and pray that the same may be adjudged to be a preferred debt and paid accordingly.

From the pleadings it appears that the price of the land conveyed by Mrs. Craycroft to Thomas Wathen was $1,587.50, although the answer on that subject is somewhat obscure and unintelligible; but there is no controversy on that point.

The court below adjudged that Craycroft had a lien on the estate conveyed to Johnson in trust for the amount of the consideration for the land conveyed by Mrs. Craycroft to Thomas Wathen with interest from the date of the conveyance, subject to payments made by Johnson after the execution of the deed of trust to him, the amounts and dates of which are stated in the judgment.

Both parties being dissatisfied with that judgment, Craycroft appealed to this court, and Johnson prosecutes a cross-appeal.

For Craycroft it is insisted that the court below erred in not adjudging that he had a preferred lien for the full amount of his demands, and in postponing the payment of his debt until the other creditors were made equal to him proportionately out of the remainder of the trust funds.

To sustain his claim to a preferred lien on any of the property conveyed by Wathen to Johnson as the unpaid part of the consideration for the property conveyed by his wife to Wathen, appellant should have alleged, if it did not appear in the petition, that the same real estate or some part of it conveyed by that deed, was embraced in the deed from Wathen to Johnson. But the fact is not alleged in any of the pleadings, nor is there any proof of it. The description given of the property in the last-named deed is very general, it is designated as *his real and per-sonal estate, and choses in action,* so that it cannot be ascertained from anything in the record that any of the property conveyed by the first named deed was embraced in the second. It can

scarcely be necessary to add that, without such allegation, appellant's claim to a prior lien, cannot be sustained.

But even if that difficulty were obviated there is another fatal objection to the judgment in its present form. It is apparent from the deed that the land was sold on the same terms and upon the same credits that the personal property was sold on, and three notes taken for the aggregate amount, each of which was for more than the land was estimated at in the trade, showing conclusively that the consideration for the land was blended with, and formed a part of, the consideration of each note; consequently all payments made on said notes would operate as payments on the price of the land in the proportion it bore to the whole indebtedness. So that, in any view of the case, the judgment was more favorable to appellant than he was entitled to.

But as the allegations in the answer and cross-petition of appellant are insufficient to sustain his claim to a prior lien for his debts, the judgment is affirmed on the original appeal, and reversed on the cross-appeal, and the cause remanded, with directions that appellant be paid *pro rata* with the other creditors of Thomas Wathen, and for further proceedings consistent herewith.

JUDGE HARDIN not sitting in this case.